IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. BENOIT, JENNIFER L. )<br>)<br>2. BENOIT, MONICA L. )<br>)<br>3. BONIFACIO, ERIN E. )<br>)<br>4. CASTANON, ILIA E. )<br>)<br>5. CHRISTIAN, YAZMIN E. )<br>)<br>6. COLON, JOSE E. )<br>)<br>7. COSTA, JUSTIN )<br>)<br>8. DOLAN, TIMOTHY B. )<br>)<br>9. DUFFEY, CHRISTOPHER A. )<br>)<br>10. DUGGAN, BLANCHE A. )<br>)<br>11. DUNCAN, LAUD G. )<br>)<br>12. GARCIA, ZIOMARA )<br>)<br>13. GIRARD, ANNETTE M. )<br>)<br>14. GIRARD-HASTBACKA, CHAWNA J. )<br>)<br>15. GOLDEN, KATE E. )<br>)<br>16. HACHELY, KENOL B. )<br>)<br>17. HALLORAN, MICHAEL P. )<br>)<br>18. HATZIDAKIS, KRISTIE L. )<br>)<br>19. KISIEL, VERONIKA J. )<br>)<br>20. KLASH, RONALD R. )<br>)<br>21. LESLIE-PARISEAU, LEIGH E. )<br>)<br>22. LINDSEY, KIMBERLY A. ) | CASE NO. 24-960 C |

23. LOSEMAN, CHRISTY B().  )
)
24. MASTRIANO, ALYSSE M.  )
)
25. MATHON, CECELIA J.  )
)
26. MCCLURKEN, MARK A.  )
)
27. MCKEAN, ROBERT C.  )
)
28. MILLER, JANET C.  )
)
29. O'CONNELL, KRISTEN M.  )
)
30. PATNO, TIMOTHY M.  )
)
31. POITRAS, STEPHANIE L.  )
)
32. POMALES-LOPEZ, CLARA L.  )
)
33. PROCACCINI, SHERRI L.  )
)
34. PUZIO, CHANTAL N.  )
)
35. RENSHAW, MICHAEL  )
)
36. ROBUCCIO, ANGELINA M.  )
)
37. ROSS, AMY L.  )
)
38. SAVAGE, SHANNON R.  )
)
39. SELLY, JOSHUA J.  )
)
40. SMITHART, PEGGY L.  )
)
41. SSEBBUNZA, LULE  )
)
42. SWEENEY, JOHN F.  )
)
43. TASANI, GREEN A.  )
)
44. WALKER, DAVID  )
)

| | |
|---|---|
| 45. WHITNEY, MERISSA T. | ) |
| | ) |
| 46. WILSON, DAVID D. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

1. The plaintiffs are employees of the defendant United States Government employed in nursing positions by the Bureau of Prisons at the Federal Medical Center Devens in Devens, Massachusetts. Plaintiffs bring this action for a declaratory judgment, backpay, and other relief, pursuant to 28 U.S.C. § 1346(a)(2), 28 U.S.C. §§ 2201, 2202, and 1491, 5 U.S.C. § 5545(a), 5 U.S.C. § 701, and 5 U.S.C. § 5596 to remedy the defendant's unlawful violations of federal law complained of herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1491, and 5 U.S.C. § 5596. Venue is proper pursuant to 28 U.S.C. § 1402.

## PARTIES

3. Plaintiff Jennifer L. Benoit, a resident of Gardner, Massachusetts, is employed as a registered nurse by the Bureau of Prisons at FMC Devens in Devens, Massachusetts.

4. Additional persons who are plaintiffs in this action are also current or former employees of the defendant, employed in nursing or related positions at FMC Devens.

3

5. Each of the plaintiffs in this action is, or has been, an "employee" within the meaning of Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 2105, 5102, and 5041.

6. The defendant, United States is, and at all material times, has been, an employer under Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 5102 and 5541. Defendant employs, or has employed, the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## **FACTS**

7. During the past six years, and at all material times herein, including on an ongoing basis to date, the plaintiffs have been employed as General Schedule ("GS") employees by the defendant.

8. At various times within the last six years, the plaintiffs in this action have worked overtime shifts between the hours of 6 p.m. to 6 a.m. that were scheduled or could have been scheduled in advance and that qualified for night shift differential pursuant to 5 U.S.C. § 5545(a).

9. Section 5545(a) of Title 5 of the U.S. Code provides that employees who work scheduled work between the hours of 6 p.m. and 6 a.m. are entitled to a premium pay of 10 percent of the employee's basic rate of pay for such hours of work.

10. During the previous six years, the plaintiffs have worked overtime shifts that either were scheduled in advance or could have been scheduled in advance, with hours that fell between 6 p.m. and 6 a.m. At all times material herein, when plaintiffs have worked these overtime shifts, defendant has failed to pay the plaintiffs night shift differential for all hours required as pursuant to 5 U.S.C. § 5545(a) and 5 C.F.R. § 550.121(a).

11.     By failing and refusing to pay the plaintiffs the night shift differential required under law, the defendant has violated, and is continuing to violate the provisions of Title 5.  As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of premium pay and other relief for the maximum statutory period allowed under the law.

12.     As a result of the defendant's violations of Title 5, there have become due and owing to each of the plaintiffs various amounts that have not yet been precisely determined.  The employment and work records for each are in the exclusive possession, custody, and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amounts owing to each of them.  Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. § 211(c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiffs from which the amounts of defendant's liability can be ascertained.

13.     Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them night shift premium pay.

14.      Plaintiffs are entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

WHEREFORE, the plaintiffs pray that this Court:

(a) Enter judgment declaring that the defendant has wrongfully violated its statutory obligations, and deprived each of the plaintiffs of their rights;

(b) Order a complete and accurate accounting of all the compensation to which the

plaintiffs are entitled;

(c) Award each plaintiff interest on all of the compensation to which the plaintiffs are entitled;

(d) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Respectfully submitted,

Dated: June 24, 2024

/s/ T. Reid Coploff
T. Reid Coploff
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, D.C. 20005
(202) 833-8855
Counsel of Record